# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **BEVERLY WOODBERRY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO.7:06-CV-206-O-KA** |
| **CITY OF WICHITA FALLS, TEXAS,** | § | **ECF** |
| | § | |
| **Defendant.** | § | |

## ORDER

Before the Court is the October 14, 2008, Findings, Conclusions and Recommendations ("Recommendation") of the United States Magistrate Judge (Doc. # 43).  The Court also has before it Plaintiff's Objection to the Recommendation ("Pl's Obj.") (Doc. # 45), filed October 30, 2008, and Defendant's Response to Plaintiff's Objection ("Def's Resp.") (Doc. # 47), filed November 5, 2008.

Having independently reviewed the applicable law, the Recommendation, the Plaintiff's brief in opposition, and Defendant's response thereto, the Court affirms the Magistrate Judge's Recommendation for the reasons set forth below.

### BACKGROUND

This is a civil rights action in which Plaintiff Beverly Woodberry, an African-American female, alleges she was discriminated against on the basis of race and gender, and retaliated against for asserting her rights.  Plaintiff initiated this action on December 18, 2006.  Doc. No. 1.  In her Amended Complaint, Plaintiff alleges that her employment as a probationary police officer with Defendant, the Wichita Falls Police Department, was terminated due to racial

animus within the Department, in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C.

§ 2000e, *et seq*. Doc. No. 4 (7:06-CV-206-O) (N.D. Tex. February 8, 2007). More

specifically, the Amended Complaint alleges two precise counts: a claim for disparate

treatment and retaliation. *Id* at 6-8.

Defendant filed its Motion for Summary Judgment on August 1, 2008. Doc. No. 22. On

August 25, 2008, the Court referred this motion, and the parties responses and reply thereto, to

United States Magistrate Judge Robert K. Roach for recommendation, pursuant to Rule 72 of the

Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(B). Doc. No. 29.

The Magistrate Judge issued his Findings and Recommendation on October 14, 2008.

Doc. No. 43. Though Plaintiff's Amended Complaint only specified two counts against

Defendant, the Recommendation provided a thorough analysis of the entirety of allegations

found in Plaintiff's complaint.[1] The Magistrate Judge recommended this Court grant

Defendant's motion for summary judgment on all claims. According to the Recommendation,

Plaintiff failed to establish: a claim of hostile work environment (Recommendation at 5); a prima

facie case of disparate treatment or discrimination on the basis of gender or race (*Id.* at 6); and,

alternatively, to provide sufficient evidence to rebut Defendant's non discriminatory basis for

termination (*Id.* at 6, 7). Additionally, the Magistrate Judge found that the evidence did not raise

a genuine issue of fact as to the whether the stated reasons for dismissal were pretextual or that

the termination was otherwise motivated by race. *Id.* at 7.

---

[1] The Magistrate Judge read Plaintiff's Amended Complaint beyond the two specific counts contained therein to include possible additional claims argued in the complaint. Thus, the Magistrate Judge analyzed Plaintiff's complaint for claims of: 1) a hostile work environment; 2) disparate treatment; 3) termination on the basis of race; 4) retaliation, and; 5) tangentially, gender discrimination. *See,* Doc. No. 43 at 4.

Plaintiff properly objected to the Magistrate Judge's Recommendation on October 25, 2008.  Doc. No. 45.  However, Plaintiff's sole objection to the Recommendation involves the Magistrate Judge's findings and conclusion as to the retaliation claim. *See generally*, Pl's Obj.

**STANDARD OF REVIEW**

The Court reviews a party's challenge to the decision of a magistrate judge in a dispositive matter pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure.  Rule 72(b) requires that objections to the magistrate judge's recommendation on a dispositive motion be "specific written objections."   *See* FED. R. CIV. PRO. 72(b)

Once a party has timely filed objections to a magistrate judge's recommendation on a motion for summary judgment, section 636(b)(1)(C) requires that a District Court conduct a *de novo* review of those portions of the  recommendation to which the party has objected.  28 U.S.C. § 636(b)(1)(C).  Based on its review, the District Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

The objections must specifically identify those findings or recommendations which the party wishes to have the district court consider.  *Parker v. Cain*, 445 F. Supp. 2d 685, 689 (E.D. La. 2006) (". . . the failure to pinpoint those portions of the magistrate judge's Report that the district court must specifically consider bars the party from a de novo determination by the district judge of an issue covered in the report.");  *see also, Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (". . . the district court judge must make a de novo determination only of those portions of the magistrate judge's disposition to which specific written objection is made.").  A district court need not consider "frivolous, conclusive, or general objections." *Battle*

*v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)).

**DISCUSSION**

The Court limits its review to those specific objections identified by Plaintiff. *See Parker*, 445 F. Supp. 2d at 689; *see also*, *Johnson*, 170 F.3d at 739. The Court reviews *de novo* the Magistrate Judge's recommendation to grant summary judgment in favor of Defendant on the claim for retaliation. Pl's Obj. at 1.

Title VII forbids employers from "discriminating against any of its employees . . . because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because [the employee] has made a made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). Retaliation claims are analyzed using the *McDonnell Douglas* framework. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). Thus, to establish a prima facie case of retaliation, Plaintiff must show: 1) that she engaged in activity protected by Title VII; 2) that she suffered an adverse employment action; and 3) that a causal connection exists between the protected activity and the adverse employment action. *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 432 (5th Cir. 2000) (citing *Webb v. Cardiothoracic Surgery Assoc.*, 39 F.3d 532, 540 (5th Cir.1998)).

The third prong in the prima facie analysis requires Plaintiff to establish a causal connection between the first two elements. This causal link does not rise to the level of a "but for" standard. *Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002). "Close timing between an

employee's protected activity and an adverse action against [her] *may* provide the 'causal connection' required to make out a prima facie case." *Swanson v. Gen. Servs. Admins.*, 110 F.3d 1180, 1188 (5th Cir. 1997) (emphasis added). The Fifth Circuit, however, has held that temporal proximity alone is insufficient to prove but for causation. *See Shirley v. Chrysler First, Inc.*, 970 F.2d 39, 43 (5th Cir. 1992) (noting that temporal proximity is just "one of the elements in the entire calculation); *see also, Strong v. University Healthcare Systems, L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007) ("we affirmatively reject the notion that temporal proximity standing alone can be sufficient proof of but for causation.")

In the present case, the Court concludes that Plaintiff has established the first two elements of the prima facie case. As to the third prong, Plaintiff has failed to discharge her burden. Plaintiff points out that "it is undisputed that she was fired within a few weeks of her complaints of race discrimination in the" Department. Pl's Obj. at 3. Thus, the temporal proximity of Plaintiff's complaints and her termination is evidence from which a causal connection could be inferred. This evidence standing alone, however, is not sufficient proof of causation. *See Strong*, 482 F.3d at 808.

Plaintiff points to no other specific evidence of retaliation to establish causation. Instead, Plaintiff argues that the totality of the evidence in this case creates a reasonable inference that race was a determinative factor in the decision to terminate her employment. Pl's Obj. at 4. However, the Court's review of the totality of evidence in this case militates against drawing the inference Plaintiff suggests. For example, the investigative report, prepared by officials at the Department in response to Plaintiff's allegations of racial animus within the Department, contains no trace of retaliatory intent. On the contrary, the Court finds that the Department's

investigation into the allegations of racist conduct by members of the police force on behalf of

Plaintiff was conducted in a professional manner and in accordance with proper investigative

methods.

In light of the above, the Court finds that Plaintiff has failed to provide evidence

necessary to establish the causal connection between her protected activity and the adverse

employment action. Additionally, the inference created by the temporal proximity of the first

two prongs in the prima facie analysis alone also fails to establish the causal connection.

Even if Plaintiff could meet her burden for establishing a prima facie case for retaliation,

which the Court concludes she has not, Defendant would still prevail. Assuming a plaintiff

establishes a prima facie case, under the *McDonnell Douglas* analysis, the burden shifts to the

employer to articulate a legitimate, nondiscriminatory reason for its decision. *McCoy*, 492 F.3d

at 557. Once an employer articulates a legitimate nondiscriminatory reason, then "any

presumption of discrimination raised by the plaintiff's prima facie case vanishes." *Septimus v.*

*Univ. of Houston,* 399 F.3d 601, 609 (5th Cir. 2005). Ultimately, the burden shifts back to a

plaintiff to present sufficient evidence to create a genuine issue of material fact as to whether the

employer's proffered reason is pretextual. *McCoy*, 492 F.3d at 557. As Plaintiff correctly cites,

a party "can survive summary judgment by producing evidence that creates a jury issue as to the

employer's discriminatory animus or the falsity of the employer's legitimate nondiscriminatory

explanation." *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002). In order to

create a genuine issue of material fact, Plaintiff must come forward with "specific facts." FED. R.

CIV. PRO. 56(e); *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002).

"Conclus[ory] allegations and denials, speculation, improbable inferences, unsubstantiated

assertions, and legalistic argumentation do not adequately substitute for specific acts show a genuine issue for trial." *TIG Ins. Co.*, 276 F.3d at 759.

In the present case, Defendant articulated a legitimate non-discriminatory reason for terminating Plaintiff: her failure to obey work requirements. Plaintiff objects to this explanation, denying "that she was away from her assigned position for two hours without permission," (Pl's Obj. at 1) in an effort to create a genuine issue of material fact as to the falsity of Defendant's proffered legitimate nondiscriminatory explanation for termination. *Id.* at 3. This objection alone, however, without the production of any additional evidence of does not satisfy Plaintiff's burden of demonstrating that Defendant's explanation is pretextual. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000) (requiring the introduction of "sufficient evidence to find that the employer's asserted justification is false"). Without specific evidence, the Court is left only with the Plaintiff's speculative and subjective belief of discrimination. *See Little v. Republic Refining Co.*, 924 F. 2d 93, 96 (5th Cir. 1991) (subjective belief by plaintiff of discrimination insufficient to show pretext).

Moreover, "even an incorrect belief that an employee's performance is inadequate constitutes a legitimate, non-discriminatory reason" for discharge. *Little v. Republic Refining Co.*, 924 F. 2d 93, 97 (5th Cir. 1991). Thus, even if Defendant was incorrect in its belief that Plaintiff failed to perform her assignments adequately, it would nonetheless constitute a legitimate non-discriminatory basis for terminating her employment.

Because Plaintiff has failed to establish a prima facie case for discrimination, and in the alternative, has not produced sufficient evidence to demonstrate that Defendant's legitimate non-discriminatory basis for termination is mere pretext, her claims should not prevail.

**CONCLUSION**

After a *de novo* review of Plaintiff's objections, the Court concludes that the Magistrate Judge was correct in his analysis and Plaintiff's objections are insufficient to persuade otherwise. Accordingly, it is ORDERED that the portions of Magistrate Judge's Findings and Recommendation to which Plaintiff did not object should be and hereby are ADOPTED. It is further ORDERED that Plaintiff's objections to the Magistrate Judge's Recommendation are DENIED. For the forgoing reasons, the Court finds that the Findings, Conclusions and Recommendation of the Magistrate Judge dated October 14, 2008 are correct, and they are adopted as the findings and conclusions of the Court.

**SO ORDERED** on this **10th** day of **December, 2008**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**